**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10486 |
| Plaintiff - Appellee, | D.C. No. 1:15-cr-00088-LJO-SKO-1 |
| v. | |
| BARRY LEE BOWSER, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted June 16, 2016
San Francisco, California

Before: TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

Barry Lee Bowser, Jr., appeals his conviction after a jury trial for aiming a

laser pointer at an aircraft in violation of 18 U.S.C. § 39A. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** Any error the district court committed in failing to make an explicit threshold determination endorsing Dr. McLin's credentials to render a reliable opinion is harmless. *See Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463-64 (9th Cir. 2014) (en banc). The submissions to the court, Dr. McLin's testimony, and voir dire by defense counsel at trial demonstrate that Dr. McLin was qualified based on his knowledge and experience to testify about laser strikes on aircraft and the effect of those strikes on vision. *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000). Though the district court stated that it would make question-by-question rulings as to Dr. McLin's testimony, Bowser did not object to Dr. McLin's testimony that it is necessary to aim a laser at an aircraft in order to hit it. Even if this testimony exceeded the scope of Dr. McLin's expertise, its admission was not plain error, given the overwhelming evidence of Bowser's guilt. *See Johnson v. United States*, 520 U.S. 461, 470 (1997). Further, Dr. McLin's testimony did not violate Federal Rule of Evidence 704 because he did not "draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion d[id] not necessarily follow from [his] testimony." *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997). It remained for the jury to decide whether Bowser acted intentionally in twice pointing the laser beam at the sheriff's helicopter. *See id.* at 1037-38.

2

**2.** Bowser has not shown the government failed to disclose exculpatory material under *Brady* or *Henthorn*. The federal government is not obligated under Federal Rule of Criminal Procedure 16 or *Henthorn* to review state law enforcement files not within its possession or control. *United States v. Dominguez-Villa*, 954 F.2d 562, 565-66 (9th Cir. 1992). And Bowser has not met his burden of showing that the government withheld materially exculpatory evidence under *Brady*. *See United States v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009). Further, none of the government's allegedly late disclosures violated Bowser's due process rights because the documents were produced as soon as they were in federal control, Bowser had the documents in sufficient time to use them, and Bowser has not shown bad faith on the part of the prosecutor. *See United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011); *United States v. Fort*, 472 F.3d 1106, 1112 (9th Cir. 2007); *United States v. Dupuy*, 760 F.2d 1492, 1497 (9th Cir. 1985).

**3.** Because we find "the [alleged] errors, even cumulatively, more probably than not did not affect the verdict," we also reject Bowser's cumulative error argument. *United States v. Hermanek*, 289 F.3d 1076, 1102 (9th Cir. 2002).

**4.** The district court properly applied the obstruction of justice enhancement because Bowser lied about, and then destroyed, material evidence – the laser pointer device itself. *See* U.S.S.G. § 3C1.1.

3

**AFFIRMED.**